STATE v. STANLEY H. SUMNER.

(Filed 20 September, 1950.)

**1. Automobiles § 29b—**

    A warrant charging defendant with operating a motor vehicle upon a public highway in the State at a speed of 90 miles per hour is sufficient to sustain judgment upon conviction, since defendant must have understood the charge to be operating a motor vehicle in this State at an unlawful speed, and therefore the warrant informs the defendant of the charge he must answer, enables him to prepare his defense, and sustains the judgment.

**2. Automobiles § 29a—**

It is a misdemeanor to operate a motor vehicle upon a public highway in this State at a speed in excess of 55 miles per hour. G.S. 20-141 (b) (4) ; G.S. 20-141 (j) ; G.S. 20-180.

APPEAL by defendant from *Parker, J.,* March Term, 1950, CAMDEN. No error.

Criminal prosecution under a warrant charging reckless driving and operating a motor vehicle on a public highway at a speed of 90 miles per hour.

The record discloses in one place that the defendant was found guilty as charged in the warrant. Later it is stated, and counsel in the case on appeal agree, that defendant was found guilty of operating a motor vehicle upon a public highway at a speed of 90 miles per hour. The case is argued in the briefs on the assumption the verdict was as last stated. Judgment was pronounced on the verdict and defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Walter F. Brinkley, Member of Staff, for the State.*

*J. Henry LeRoy for defendant appellant.*

BARNHILL, J.   Defendant moved in this Court that the judgment pronounced be arrested. The motion must be denied. While the criminal charge contained in the warrant might have been more precisely stated, it is sufficient, as alleged, to sustain the judgment and bar another prosecution for the same offense. G.S. 15-153. It is sufficiently intelligible and explicit to (1) inform the defendant of the charge he must answer, (2) enable him to prepare his defense, and (3) sustain the judgment. This is all that is required. *S. v. Shade,* 115 N.C. 757; *S. v. Ratliff,* 170 N.C. 707, 86 S.E. 997; *S. v. Francis,* 157 N.C. 612, 72 S.E. 1041; *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; 15 A.J. 98.

It is now unlawful to operate a motor vehicle upon a public highway in this State at a rate of speed in excess of 55 miles per hour. G.S. 20-141 (b) (4). To do so constitutes a misdemeanor. G.S. 20-141 (j); G.S. 20-180. That this was the charge against him was well understood by defendant.

The exceptive assignments of error discussed in defendant's brief are without substantial merit. They cannot be sustained.

In the trial below we find

No error.