STATE OF NORTH CAROLINA v. NORRIS CARLTON TAYLOR

No. 1

(Filed 7 October 1980)

1. **Kidnapping § 1.3– instruction on theories of conviction not supported by indictment**

    In a prosecution for kidnapping upon an indictment charging defendant with "unlawfully removing" the victim from one place to another "for the purpose of facilitating the commission of the felony of rape and for the purpose of facilitating the flight of defendant . . . following the commission of a felony," the trial judge improperly instructed the jury on possible theories of conviction not charged in the indictment when he instructed that defendant would be guilty of kidnapping if the jury found that defendant's confinement or constraint of the victim was "for the purpose of facilitating his flight from apprehension for another crime, or to obtain the use of her vehicle."

2. **Criminal Law §§ 34.4, 34.8– evidence of other offenses – admissions to victim – overcoming rape victim's will – common scheme or plan**

    A kidnapping and rape victim was properly permitted to testify as to defendant's admissions to her of prior murders and rapes since the admissions, made prior to the rape of the victim, were relevant to show how the victim's will was overcome and her submission procured, and since defendant's statements were part of a common scheme or plan embracing the kidnapping and rape.

3. **Criminal Law § 34.8– other acts of misconduct – same transaction – corrobation**

    The trial court in a kidnapping and rape case properly permitted witnes-

State v. Taylor

ses for the State to testify concerning prior and subsequent acts of misconduct by defendant where the subsequent acts of misconduct were a part of the same transaction as the kidnapping and rape, and where the testimony of each of these witnesses was admissible to corroborate the victim's testimony.

4. **Criminal Law § 75.2– in-custody statements – voluntariness – threats from civilians – officers' use of guns at arrest scene – protracted questioning**

There is no merit to defendant's contention that his in-custody statements were not voluntary because threats were made against his life by civilians at the scene of his arrest; because two police officers had their guns drawn at the arrest scene, or because the questioning of defendant was protracted and he was not immediately taken before a magistrate, since the arresting officers had no control over threats made against defendant by civilians at the arrest scene and the threats were made prior to and separate from defendant's in-custody statements; defendant was armed and dangerous and use of weapons by the police at the arrest scene was not unwarranted; defendant was not threatened by the officers; the record shows that the questioning of defendant was not unduly protracted in that defendant voluntarily mentioned separate offenses not subject to the initial interrogation and other law enforcement agencies were called in; and the record shows that defendant was advised of his rights and knowingly and intelligently waived his rights to counsel and to remain silent prior to each interview.

Justice BROCK took no part in the consideration or decision of this case.

APPEAL by defendant from *Bailey, James H. Pou, J.*, at the 12 November 1979 Criminal Session of Superior Court, GUILFORD County. The bill of indictment, proper in form, charged defendant with kidnapping, armed robbery and rape. The armed robbery charge was dismissed at the close of the State's evidence. Defendant was convicted of kidnapping and first degree rape. For each of these crimes he was sentenced to life imprisonment, the kidnapping sentence to run concurrently "with sentence heretofore imposed in Superior Court in New Hanover County" and the sentence for rape to run consecutively with "all other sentences he is now serving." He appeals the life sentences to this Court as a matter of right.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Ann Reed and Associate Attorney William R. Shenton, for the State.*

*Mary Ann Talley, Public Defender, for the defendant.*

CARLTON, Justice.

We find prejudicial error in the trial court's instructions on kidnapping under G.S. 14-39 (Cum. Supp. 1979) and hold that he is entitled to a new trial in the kidnapping case. We find no error in the trial for first degree rape.

I.

Briefly, evidence for the State tended to show that on the evening of 28 August 1978 Jewel Taylor, an accountant, was returning to work and parked her car in the parking lot of the Wachovia Bank Building in downtown Fayetteville, North Carolina. As she walked from her car toward the building, she noticed a black male, later identified as the defendant, approaching her. Defendant grabbed her by the arm, pointed a gun at her and told her to get back in the car and take him wherever he wanted to go or he would kill her. Ms. Taylor complied with the demand, returned to the car and proceeded to drive in accordance with defendant's directions. Defendant directed her to Pope Park in Fayetteville and, after driving through the park, made her stop the car. At that time defendant related to Ms. Taylor the history of his recent criminal activities and told her that he wanted to have sex with her. Ms. Taylor was forced to get out of the car and to remove her clothes. She was then forced, at gunpoint, to have sexual intercourse with defendant against her will. After the rape, defendant instructed her to return to the car and to drive north on U.S. I-95. Ms. Taylor drove north until they reached Petersburg, Virginia, at which time defendant made Ms. Taylor park the car. Defendant and Ms. Taylor waited in the car until daylight so that he could find another car to steal. When he left her car in pursuit of another, Ms. Taylor drove away.

Defendant was apprehended on 1 September 1978 in Woodland, North Carolina, and transported to the Sheriff's Department in Northampton County. After being advised of his rights, defendant was interrogated and confessed to the charges that

are the subject of this appeal. He was later taken to Fayetteville. The case was removed to Guilford County for trial.

## II.

**[1]** We first consider whether the trial court erred in its instructions to the jury on the kidnapping charge. Because the instructions allowed the jury to convict on grounds other than those charged in the indictment, we hold that it did.

Defendant was tried under G.S. 14-39 which provides:

Kidnapping. — (a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:

(1) Holding such other person for ransom or as a hostage or using such other person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person.

(b) Any person convicted of kidnapping shall be guilty of a felony and shall be punished by imprisonment for not less than 25 years nor more than life. If the person kidnapped, as defined in subsection (a), was released by the defendant in a safe place and had not been sexually assaulted or seriously injured, the person so convicted shall be punished by imprisonment for not more than 25 years, or by a fine of not more than ten thousand dollars ($10,000), or both, in the discretion of the court.

G.S. 14-39(a)-(b).[1]

Defendant contends that the trial court's instructions to the jury on the kidnapping charge did not comport with the grounds charged in the indictment. In order to examine this contention, we set out relevant portions of the indictment and the jury instructions.

That portion of the indictment under which defendant was convicted of kidnapping charged as follows:

THE JURORS FOR THE STATE UPON THEIR OATH DO PRESENT, that Norris Carlton Taylor, on or about the 28th day of August, 1978, in Cumberland County, North Carolina, did unlawfully, wilfully and feloniously kidnap Jewel Faye Taylor, a person who had attained the age of sixteen (16) years, by *unlawfully removing* her from the parking lot of the Wachovia Building on Green Street, Fayetteville, North Carolina to Pope Park, located adjacent to Interstate Highway Number 95 in Cumberland County, Fayetteville, North Carolina *for the purpose of facilitating the commission of the felony of rape and for the purpose of facilitating the flight of the defendant, Norris Carlton Taylor following the commission of a felony.* The said Jewel Faye Taylor was sexually assaulted in the course of this kidnapping, in violation of North Carolina General Statutes Section 14-39.

(Emphases added.)

---

[1]We first note that the record refers to the charge against defendant pursuant to this statute as "aggravated kidnapping." This expression likewise appears in the briefs of both parties. While not important to this decision, we remind the profession that the term "aggravated kidnapping" is a misnomer. We so stated in *State v. Banks*, 295 N.C. 399, 406-407, 245 S.E. 2d 743, 749 (1978), and expressly rejected the term in *State v. Williams*, 295 N.C. 655, 663-65, 249 S.E. 2d 709, 715-17 (1978). In *Williams*, Justice Exum clearly explained that G.S. 14-39 does not create two kidnapping offenses, one of simple kidnapping and another of aggravated kidnapping, but merely sets forth factors that will result in reduced punishment if the person kidnapped is released by defendant in a safe place and has neither been sexually assaulted nor seriously injured. We reiterate that the statute does not divide the crime of kidnapping into two separate offenses.

With respect to the kidnapping charge, the trial court instructed the jury as follows:

> The defendant is also charged with the crime of kidnapping. In order for you to find the defendant guilty of kidnapping, there are four things that the State must prove, each beyond a reasonable doubt. First, that the defendant *unlawfully confined* Jewel Taylor, either in her automobile or at Pope Park or *removed her by force* from the Wachovia Building to Pope Park, or from Pope Park to a place in Virginia.
>
> Second, that Jewel Taylor did not consent to that act. Again, I advise you that consent obtained or induced by fear is not consent in the eyes of the law. Third. That you find the defendant *confined or restrained* Jewel Taylor *for the purpose of facilitating his flight from apprehension for another crime, or to obtain the use of her vehicle.* Finally, *that the removal was a separate and complete act, independent and apart from his obtaining the vehicle or any other criminal act on his part;* that it was a separate act. If you find these things from the evidence and beyond a reasonable doubt, then you will have found sufficient facts upon which to find the defendant guilty of the crime of kidnapping. Therefore, I instruct you that if you find from the evidence, and beyond a reasonable doubt, that on or about the 28th day of August 1978, Norris Carlton Taylor *unlawfully restrained* Jewel Taylor or *unlawfully removed* her from the area of the Wachovia Building to the area of Pope Park in the City of Fayetteville, or to some other place, and that Jewel Taylor did not consent to this removal or restraint, and that it was done *for the purpose of facilitating Norris Taylor's flight after committing a crime, or obtaining possession, unlawfully, of Jewel Taylor's car* — I might say that one does not have to complete his intent; the mere fact that he intended would be sufficient — and you further find that this act was a separate and complete act, independent and apart from either the felony he committed or the felony he is charged with having committed thereafter, it would be your duty to return a verdict of guilty of kidnapping.

(Emphases added.)

It is a well-established rule in this jurisdiction that it is error, generally prejudicial, for the trial judge to permit a jury to convict upon some abstract theory not supported by the bill of indictment. *State v. Dammons,* 293 N.C. 263, 237 S.E. 2d 834 (1977); *State v. Thorpe,* 274 N.C. 457, 164 S.E. 2d 171 (1968); *see State v. Duncan,* 264 N.C. 123, 141 S.E. 2d 23 (1965). When the jury instructions are examined under this rule, it is apparent that the charge is erroneous in several respects.

Here, the instructions presented to the jury several possible theories of conviction which were not charged in the bill of indictment. First, the bill of indictment charged defendant with unlawfully "removing" Jewel Taylor from the parking lot of the bank. However, in his charge to the jury, the trial court instructed with respect to the defendant having unlawfully "confined" and "restrained" Ms. Taylor. While these theories of the case might be supported by the evidence, they are not charged in the indictment.

Secondly, the bill of indictment charged that defendant unlawfully removed Ms. Taylor from the parking lot "for the purpose of facilitating the commission of the felony of rape and for the purpose of facilitating the flight of the defendant ... following the commission of a felony." In its charge to the jury, however, the trial court instructed that defendant would be guilty of kidnapping if, *inter alia,* the jury found that "the defendant confined or restrained Jewel Taylor *for the purpose of facilitating his flight from apprehension for another crime, or to obtain the use of her vehicle."* (Emphasis added.) In *State v. Thorpe, supra,* the indictment for first degree burglary alleged that defendant intended to "feloniously ravage and carnally know" the person who occupied the dwelling. This Court held it was error to instruct the jury that defendant would be guilty if he entered with "the intent to commit a felony." The Court cited the rule that "[t]he indictment having identified the intent necessary, the State was held to the proof of that intent." *Id.* at 464, 164 S.E. 2d at 176. Here, the indictment charged that defendant's purposes in removing his victim were to facilitate the commission of the felony of rape and to facilitate the flight of

State v. Taylor

the defendant following the commission of a felony. It was prejudicial error, therefore, for the trial court to instruct with respect to "another crime" and to refer to "[obtaining] the use of her vehicle," the latter not being charged in the bill of indictment.

Thirdly, the trial court erred in stating "that the removal was a separate and complete act, independent and apart *from his obtaining the vehicle* or any other criminal act on his part . . . ." (Emphasis added.) Clearly, such reference to "obtaining the vehicle" was misleading to the jury; the armed robbery charge had been dismissed and was not a part of the case being presented to the jury for consideration.

The State's theory, under the bill of indictment, was that defendant had unlawfully removed Ms. Taylor from one place to another for the express purpose of facilitating the commission of the felony of rape and for the purpose of facilitating his flight from the commission of the felony of rape. At no point, however, did the trial court instruct with respect to kidnapping for the express purposes stated in the bill of indictment. Its failure to instruct on the theory charged in the bill of indictment, in addition to its instructions on theories not charged, constitutes prejudicial error entitling defendant to a new trial on the charge of kidnapping. *State v. Dammons, supra; State v. Thorpe, supra.*

## III.

We turn next to defendant's contentions that the trial court improperly ruled on his motions *in limine* to suppress evidence as to other crimes defendant admitted to the prosecuting witness and to restrict evidence of prior or subsequent convictions or acts of misconduct on the part of the defendant. In connection with these motions the trial court ruled, in part, as follows:

The Court is informed that the State's evidence will tend to show that at the initiation of this series of alleged events, the defendant, Norris Carlton Taylor, advised the victim, Jewel Taylor, of his previous murder of a number of people and of his previous rapes. That this was part of the placing in fear and the subjugation of the will of Jewel Taylor.

The State will be allowed to elicit from Jewel Taylor evidence relating to the threats and brags of the defendant in connection with this series of crimes.

The State may also elicit testimony from Jewel Taylor of rapes subsequent to the original Cumberland County rapes involving Jewel Taylor and the defendant, Norris Taylor, as being a part and parcel of the single course of conduct.

The State will not be permitted to elicit evidence from any witness of prior acts for which the defendant has not been convicted, other than the crimes that may have been committed against Jewel Taylor as a part of this series of events.

Evidence relating to an alleged armed robbery of a service station on Interstate 95 by the defendant will not be admitted, and the State is directed not to elicit such testimony.

The State is in no way restricted in its cross-examination of the defendant, from cross-examining the defendant on any and all prior convictions, but is restricted as to acts of misconduct for which he has not been convicted.

[2] Defendant first contends that the trial court erred in allowing Ms. Taylor to testify as to other crimes admitted by defendant to her. He argues that Ms. Taylor's will was overcome and her submission procured by the use of a deadly weapon, not by any statements he made to her, and that the only relevance of his statements is to show the character of the defendant or his disposition to commit a crime. If this were the case, the admission of these statements would be in violation of the North Carolina rule that in a prosecution for a particular crime, the State cannot introduce evidence tending to show that the accused has committed another distinct, independent or separate offense. *E.g., State v. Duncan,* 290 N.C. 741, 228 S.E. 2d 237 (1976); *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364 (1954).

Defendant's reliance on this rule is misplaced for two reasons. Firstly, this exclusionary rule applies only when the sole relevancy of the evidence of other crimes is its tendency to

show the defendant's disposition to commit a crime of a nature similar to the one for which he is being tried. *State v. Cherry,* 298 N.C. 86, 109, 257 S.E. 2d 551, 565 (1979), *cert. denied,* 64 L. Ed. 2d 796 (1980); *State v. Shrader,* 290 N.C. 253, 264, 225 S.E. 2d 522, 530 (1976); *State v. Carey,* 288 N.C. 254, 269, 218 S.E. 2d 387, 397 (1975), *death sentence vacated,* 428 U.S. 904 (1976); *State v. McClain, supra.* Here defendant's admissions to Ms. Taylor made prior to the rape are also relevant to show the subjugation of her will. Secondly, assuming *arguendo* that the rule is applicable here, the evidence is admissible under a well-recognized exception to the rule because defendant's statements are part of a common scheme or plan embracing the kidnapping and the rape. *See State v. McClain,* 240 N.C. at 176, 81 S.E. 2d at 367. These statements are an integral part of the proof of the crimes for which defendant was tried and are so interwoven as to constitute one transaction or series of events. In *State v. McClain, supra,* Justice Ervin quoted with approval the test articulated by the Supreme Court of South Carolina for determining whether the rule requires the exclusion of evidence of an offense other than the one charged:

> "The acid test is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime."

*Id.* at 177, 81 S.E. 2d at 368, quoting *State v. Gregory,* 191 S.C. 212, 221, 4 S.E. 2d 1, 4 (1939). An essential element of the crime of rape is that it is committed against the will of the victim. Thus, subjugation of Ms. Taylor's will is a "material fact in issue," defendant's statements tend to show that the victim's will was overcome, and, hence, they were properly admitted.

[3] In this same connection, defendant additionally contends that the trial court's denial of its motion *in limine* improperly allowed other prosecuting witnesses to testify concerning prior and subsequent acts of misconduct by the defendant. We note that the "subsequent acts" of misconduct testified to by other witnesses are, in reality, a part of the same transaction as the

kidnapping and rape. The testimony of each of these witnesses simply corroborated the testimony of Ms. Taylor and is therefore clearly admissible. *See State v. Rose*, 270 N.C. 406, 154 S.E. 2d 492 (1967); 1 Stansbury's North Carolina Evidence § 50 (Brandis Rev. 1973).

For these reasons, we hold that the trial court properly denied defendant's motions *in limine* and the assignments of error with respect thereto are overruled.

## IV.

[4] Defendant also contends that his statements to authorities were not voluntary because threats were being made against his life by civilians at the scene of his arrest, because two police officers had their guns drawn, because the questioning of defendant was protracted and because he was not immediately taken before a magistrate upon his arrest. Defendant's contention is without merit. We glean from the record that the threats made against defendant were made only at the scene of the arrest and by civilians, a circumstance over which the arresting officers had no control. Moreover, they were made prior to and separate from any statements made by defendant about the offenses which are the subject of this appeal. Use of the police weapons at the scene of the crime was not unwarranted; defendant was armed and dangerous. Moreover, defendant was not threatened by the officers in any way. The record also reveals that questioning of defendant was not unduly protracted in that defendant voluntarily mentioned separate offenses not the subject of the initial interrogation and other law enforcement agencies were called in. Finally, the record discloses that defendant was advised of his rights and knowingly and intelligently waived his rights to counsel and to remain silent prior to each interview. He at no time requested that an attorney be present or that he wished to remain silent. Indeed, when informed during interrogation that his court-appointed counsel was present and wished to talk with him, defendant stated that he wanted to finish talking with the police before seeing his attorney. Under these circumstances, we hold that defendant's statements were voluntary.

Defendant assigns numerous other errors which we deem unnecessary for discussion in this opinion. He contends, for example, that the district attorney should have been removed from the trial of this case because it was necessary for an assistant district attorney to testify as to the time of defendant's first appearance in the trial court. He also contends that the trial court made prejudicial comments to the jury throughout the trial, that the trial court erred in allowing the district attorney to ask prejudicial and leading questions of the State's witnesses, that the trial court erred in allowing the State's motions to introduce into evidence certain items of physical evidence, and that the trial court erred in allowing redirect testimony outside the scope of cross-examination. With respect to these and other assignments not enumerated herein, it is sufficient to say that we have reviewed them carefully and find them completely without merit.

Finally, we note defense counsel's statement in defendant's brief that she has reviewed the entire record of this case and can find no error in the submission of the charges of rape and kidnapping to the jury. She requests, however, that "in light of the seriousness of the offenses involved in this trial, defense counsel respectfully requests this Court to review the record to determine the sufficiency of the evidence for the consideration of the jury." We have done as defense counsel requested and find that the State's evidence was not only sufficient, but overwhelming, to show every essential element of the crime of first degree rape and that defendant was the rapist. G.S. 14-27.2 (Cum. Supp. 1979). In light of our disposition of the kidnapping conviction, we do not consider the sufficiency of the evidence to support that verdict.

For the reasons stated above, we hold that defendant is entitled to a new trial in the kidnapping case. We also hold that defendant had a fair trial, free from prejudicial error, in the rape case.

On the first degree rape conviction — No Error.

On the kidnapping conviction — New Trial.

Justice BROCK took no part in the consideration or decision of this case.