STATE OF NORTH CAROLINA v. JAMES LEE ELLIS

No. 8810SC21

(Filed 5 July 1988)

1. Kidnapping § 1— kidnapping to facilitate escape charged—indictment insufficient to charge first degree kidnapping

An indictment which charged that defendant kidnapped a named person "who had attained the age of 16 years, by unlawfully removing him from one place to another without his consent, and for the purpose of facilitating the commission of a felony, to wit: escape" was insufficient to support a first degree kidnapping conviction, since there was no allegation that the victim was not released in a safe place, was seriously injured, or was sexually assaulted. N.C.G.S. § 14-39(b).

2. **Kidnapping § 1.3— kidnapping to facilitate escape charged — instruction on kidnapping to use person as a shield — instruction plain error**

> The trial court committed plain error in instructing the jury that they could find defendant guilty of second degree kidnapping if they found that his purpose was to use the person named "as a shield," but the indictments alleged that defendant's purpose was to facilitate the commission of the felony of escape.

APPEAL by defendant from *Bowen, Wiley F., Judge.* Judgments entered 20 August 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 10 May 1988.

*Attorney General Thornburg, by Assistant Attorney General Elisha H. Bunting, Jr., for the State.*

*Hensley and Overby, by Robert J. Hensley, Jr., for defendant appellant.*

PHILLIPS, Judge.

Though defendant was convicted of first degree kidnapping of Donald Joyner, second degree kidnapping of Diane Miller Narducci, felonious larceny of an auto (later reduced to a misdemeanor), common law robbery, assault with a deadly weapon inflicting serious injury, and possession of a handgun by a felon, his appeal challenges only the two kidnapping convictions.

The evidence is not disputed. Defendant, a prisoner at Central Prison, was taken by two prison security guards to Rex Hospital for medical treatment and the convictions arose out of his attempt to escape while there. During the dinner hour while one of the guards was away from his room defendant jumped the other guard, Terry Brisson, and obtained his weapon following a struggle in which Brisson was shot in the hand. Defendant ran out of the hospital room and into a stairwell where he stuck the gun against Donald Joyner, an unarmed hospital security officer, and demanded his car keys. When Joyner was unable to produce car keys defendant pressed the gun against his spine and forced him to lead the way out of the hospital to the doctors' parking lot, where they saw Diane Narducci walking toward them. Defendant removed the gun from Joyner, who escaped down an embankment, and pointed it at Ms. Narducci, who at his insistence led him to her car and gave him the keys, after which defendant drove off in the car and Ms. Narducci ducked behind another vehi-

cle. Defendant testified, in substance, that his main purpose was to escape and that the gun accidentally went off and hit Brisson.

Of the defendant's several contentions two—that the indictment does not support the first degree kidnapping conviction and the court committed plain error in charging the jury on both kidnappings—have merit and both convictions are vacated.

[1] Though under G.S. 14-39(b) an essential element of first degree kidnapping is either that the victim was not released in a safe place or was seriously injured or sexually assaulted, the indictment for first degree kidnapping in this case (87CRS11772) did not allege either of these essential elements. It charged only that defendant "unlawfully, willfully and feloniously did kidnap Donald Joyner, a person who had attained the age of 16 years, by unlawfully removing him from one place to another without his consent, and for the purpose of facilitating the commission of a felony, to wit: escape." Thus, despite its misnomer the indictment alleges only the crime of second degree kidnapping, *State v. Jerrett*, 309 N.C. 239, 307 S.E. 2d 339 (1983), and if defendant was not entitled to a new trial because the court erred in charging the jury we would treat his conviction as being for that lesser offense. *State v. Baldwin*, 61 N.C. App. 688, 301 S.E. 2d 725 (1983).

[2] As to the jury instruction complained of G.S. 14-39(a) defines kidnapping as follows:

> (a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is for the purpose of:
>
> (1) Holding such other person for ransom or as a hostage or using such other person as a shield; or
>
> (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or
>
> (3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person.

(4) Holding such other person in involuntary servitude in violation of G.S. 14-43.2.

Thus, the unlawful confinement, restraint, or removal of a person is kidnapping only when it is done for one of the purposes stated in this statute. In this case both kidnapping indictments allege that defendant's purpose was to facilitate "the commission of a felony, to wit: escape," and his trial was on that theory. Nevertheless, the court charged the jury that they could find defendant guilty of second degree kidnapping if they found that his purpose was to use the person named "*as a shield.*" (Emphasis supplied.) This error by the court permitted the jury to convict defendant upon a theory not supported by the bill of indictment, and though defendant failed to object to it the error is nevertheless reviewable under the "plain error" rule laid down in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). Permitting the jury to convict upon a theory not charged in the indictment is usually prejudicial error, *State v. Taylor*, 301 N.C. 164, 270 S.E. 2d 409 (1980), and our Supreme Court has held that it is plain error to charge on a theory of kidnapping not supported by the indictment. *State v. Tucker*, 317 N.C. 532, 346 S.E. 2d 417 (1986); *State v. Brown*, 312 N.C. 237, 321 S.E. 2d 856 (1984). Thus, we vacate both kidnapping convictions and remand each case to the Superior Court for a new trial on the charge of second degree kidnapping.

No. 87CRS11771—vacated and remanded for a new trial.

No. 87CRS11772—vacated and remanded for a new trial.

Judges JOHNSON and SMITH concur.