STATE OF NORTH CAROLINA v. EARL KENNETH DOMINIE, JR., Defendant

No. COA98-1223

(Filed 3 August 1999)

### 1. Kidnapping— indictment

The trial court erred in instructing the jury on first-degree kidnapping where the indictment alleged only second-degree kidnapping.

### 2. Kidnapping— indictment—disjunctive instruction improper

In a kidnapping case where the indictment alleged only that the victims were unlawfully removed, the trial court erred by instructing the jury in the disjunctive that it could find defendant guilty if it found he unlawfully confined, restrained, or removed a person from one place to another. Even if the evidence amply

supports the trial court's instruction, it is improper to convict a defendant upon a theory not supported by the bill of indictment.

### 3. Confessions and Incriminating Statements— Miranda warning—not in custody

The trial court did not err in failing to suppress two of defendant's statements because Miranda warnings are not required simply because the person questioned is one whom the police suspect. Although the officer went to defendant's home to arrest him, defendant was not in custody because he voluntarily went to the officer's patrol car and discussed the incident, he was explicitly told he was not under arrest, he sat in the front seat of the patrol car, and he made the alleged statements spontaneously and not in response to questioning.

Judge WALKER concurring.

Appeal by defendant Earl Kenneth Dominie, Jr. from judgment entered 8 April 1997 by Judge George L. Wainwright, Jr., in Moore County Superior Court. Heard in the Court of Appeals 29 April 1999.

*Michael F. Easley, Attorney General, by Bruce S. Ambrose, Assistant Attorney General, for the State.*

*Paul Pooley, for defendant-appellant.*

WYNN, Judge.

The record on appeal in this case shows that around 8:30 p.m. on 12 December 1996, two women—mother and daughter—entered their car parked in a Wal-Mart lot after just completing a shopping trip. However, before they were able to drive away, defendant Earl Kenneth Dominie, Jr. jumped into the back seat and instructed the daughter to drive until they reached a "real dark, deserted area where there is nothing."

The daughter complied and upon reaching the described area, the defendant robbed the women and ordered them out of the car. The daughter, however, pleaded with the defendant by stating "my mama is old and she can't walk up there to where there's some lighting. Can't we just drive up to the . . . shopping center and we'll let you have the car, we'll get out." The defendant agreed and allowed her to drive to a fairly well lit residential area that was approximately one-quarter mile from the shopping center. There, the women got out of the car and the defendant drove the car away.

Lieutenant Arthur Frye of the Aberdeen Police Department investigated the incident. On 8 January 1997, after concluding that the defendant was a suspect, Lt. Frye, along with other police officers, went to a mobile-home park where the defendant was believed to be living. Lt. Frye testified that he went to the park to arrest the defendant for the 12 December crime.

At the defendant's mobile home, the defendant agreed to speak with Lt. Frye who escorted him to the patrol car. However, before discussing the incident with the defendant, Lt. Frye informed him that he was not under arrest. Indeed, Lt. Frye's conversation with the defendant took place in the front seat of the patrol car—an area off-limits to arrested individuals. In the patrol car, Lt. Frye informed the defendant of the incident at Wal-Mart and notified him that the two women had identified him out of a lineup as the culprit. The defendant responded: "I guess I f--ked up this time". He asked whether he could apologize to the two women. Lt. Frye informed him that things don't work that way and arrested him.

The defendant was tried and convicted by a jury for two counts of first-degree kidnapping, one count of armed robbery, and one count of common-law robbery. At sentencing, the trial judge consolidated the armed robbery conviction with one of the first-degree kidnapping convictions and consolidated the common-law robbery conviction with the other first-degree kidnapping conviction.

[1] On appeal, the defendant contends that the trial court erred in instructing the jury on first-degree kidnapping where the indictment alleged only second-degree kidnapping. The State agrees with the defendant's argument and therefore concedes this issue on appeal. However, contrary to the defendant, the State contends that this matter should be remanded for re-sentencing under a conviction for second-degree kidnapping. *See State v. Dawkins*, 305 N.C. 289, 287 S.E.2d 885 (1982); *State v. Corley*, 310 N.C. 40, 311 S.E.2d 540 (1984). We would ordinarily agree with the State that this should be remanded only for re-sentencing on the lesser offenses of second-degree kidnapping but the defendant makes a further argument that the State also recognizes as having merit.

[2] The defendant also argues that the trial court erred in instructing the jury on the kidnapping charges in the disjunctive where the indictment alleged only that the victims were unlawfully removed.

The defendant's indictment read:

> The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above defendant named did unlawfully, willfully and feloniously did kidnap [Wanda Marion Ring/Vera Wood Marion], a person who attained the age of 16 years, by unlawfully removing her from one place to another, without her consent, and for the purpose of facilitating the commission of a felony, robbery with a dangerous weapon.

Although the indictment stated that the defendant unlawfully "removed" the victims, the trial court instructed the jury that they could find him guilty of kidnapping if they found that he "unlawfully *confined* a person—that is, imprisoned her within a given area—*restrained* a person—that is, restricted her freedom—or *removed* a person from one place to another." Therefore, even though the indictment charged the defendant with kidnapping for "removing" the victims, the trial court informed the jury that the defendant committed kidnapping if he "confined, restrained, or removed" the victims.

The defendant contends this instruction constitutes reversible error. As the State recognizes, he is correct under our Supreme Court's holding in *State v. Tucker*, 317 N.C. 532, 346 S.E.2d 417 (1986).

In *Tucker*, the defendant was indicted for, *inter alia*, kidnapping. The indictment stated that he "unlawfully . . . kidnapp[ed] [the victim] . . . by unlawfully removing her from one place to another, without her consent. . . ." *Id.* at 537, 346 S.E.2d at 420. (emphasis in original). Like the trial judge in this case, the trial judge in *Tucker* instructed the jury that the defendant could be found guilty of first-degree kidnapping if they found that "the defendant unlawfully restrained [the victim], that is, restricted [her] freedom of movement by threat or force." (emphasis added). *Id.* Our Supreme Court, after noting that the evidence amply supported the judge's instruction, nonetheless reversed defendant's conviction because the instructions constituted prejudicial error. *Id.* at 537-38, 346 S.E.2d at 420. Specifically, the Court stated that it was improper to convict a defendant upon an abstract theory not supported by the bill of indictment. *Id.* That is, a defendant could not be convicted upon the theory that he "restrained or removed" the victim when the bill of indictment stated that he was charged only with "removing" her.

STATE v. DOMINIE

[134 N.C. App. 445 (1999)]

We note that the State cites our recent decision in *State v. Raynor*, 128 N.C. App. 244, 495 S.E.2d 176 (1998), contending that it supports a position contrary to *Tucker*. However, both the State and the concurring opinion recognize that a decision of this Court cannot overrule an explicit holding of our Supreme Court. So, to the extent that *Raynor* is cited as law contrary to *Tucker*, we are bound to follow only *Tucker*.

As in *Tucker*, the facts before us indicate that the trial judge committed prejudicial error by instructing the jury that the defendant could be found guilty if he confined, restrained or removed the victims. Further, as demonstrated by *State v. Brown*, 312 N.C. 237, 321 S.E.2d 856 (1984), this error is so prejudicial as to warrant a new trial. Accordingly, following the directives of our Supreme Court, we vacate the defendant's first-degree kidnapping convictions and remand this matter for a new trial.

[3] In the interests of judicial economy, we also address the defendant's last argument challenging the trial court's failure to suppress two statements he allegedly made involuntarily and without being provided proper *Miranda* warnings.

"This Court has consistently held that the rule of *Miranda* applies only where a defendant is subject to custodial interrogation." *State v. Gaines*, 345 N.C. 647, 661, 483 S.E.2d 396, 404, *cert. denied*, 118 S.Ct. 248, 139 L. Ed.2d 177 (1997). When determining whether a defendant is subject to custodial interrogation, "the definitive inquiry is whether there was a formal arrest or a restraint on freedom of movement of the degree associated with formal arrest." *Id.* at 662, 483 S.E.2d at 405; *see also Stansbury v. California*, 511 U.S. 318, 128 L. Ed.2d 293 (1994). Significant to the case *sub judice*, *Miranda* warnings are not required "simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect." *Oregon v. Mathiason*, 429 U.S. 492, 495, 50 L. Ed. 2d 714, 719 (1977).

In the instant case, the defendant voluntarily went with Lt. Frye to his patrol car and discussed the Wal-Mart incident with him. The defendant was explicitly told that he was not under arrest and was placed in the front seat of the patrol car, an area where arrested suspects rarely, if ever, sit. Further, the statements the defendant seeks to suppress—"I guess I f--ked up" and his offer to apologize to the victims—were not made in response to questions, but rather were spontaneously made.

**STATE v. DOMINIE**

[134 N.C. App. 445 (1999)]

These facts support the trial judge's conclusion that the defendant was not in custody at the time the statements were made and therefore the defendant was not required to receive Miranda warnings. In so ruling, we note the fact that Lt. Frye went to the defendant's home to arrest him is irrelevant. *See Oregon,* 429 U.S. at 495, 50 L. Ed. 2d at 719. Accordingly, we find no merit to this assignment of error.

In conclusion, we are compelled by our Supreme Court's prior decisions to hold that the trial court committed prejudicial error by instructing the jury on first-degree kidnapping and by instructing the jury on the kidnapping charges in the disjunctive. Moreover, because defendant's convictions for armed robbery and common-law robbery were consolidated with his first-degree kidnapping convictions for sentencing purposes, we must remand this matter for re-sentencing upon those convictions.

First Degree Kidnapping, 97CRS464—New Trial.

First Degree Kidnapping, 97CRS467—New Trial.

Robbery with a Dangerous Weapon, 97CRS466—No Error On Conviction, Remand For Re-Sentencing.

Common Law Robbery, 97CRS465—No Error On Conviction, Remand For Re-Sentencing.

Judge HUNTER concurs.

Judge WALKER concurs with a separate opinion.

Judge WALKER concurring.

I write separately to express my belief that our Supreme Court should reexamine its holding in *State v. Tucker,* 317 N.C. 532, 346 S.E.2d 417 (1986).

A bill of indictment is sufficient if it charges the offense in a plain, intelligible manner, with averments sufficient to enable the court to proceed to judgment and to bar a subsequent prosecution for the same offense. *State v. Taylor,* 280 N.C. 273, 185 S.E.2d 677 (1972). The purpose of the indictment is to put the defendant on notice of the offense with which he is charged and to allow him to prepare a

defense to that charge. *State v. Sumner*, 232 N.C. 386, 61 S.E.2d 84 (1950). In this case, defendant was indicted on two counts of kidnapping in violation of N.C. Gen. Stat. § 14-39.

Specifically, each indictment alleges that defendant "unlawfully, willfully and feloniously did kidnap . . . by unlawfully removing . . . from one place to another, without . . . consent, and for the purpose of facilitating the commission of a felony, robbery with a dangerous weapon." However, the trial court instructed not only on "removal" of the victim, but also "confinement" or "restraint" of the victim as provided in N.C. Gen. Stat. § 14-39 (Cum. Supp. 1998).

Implicit in the words "kidnap" and "remove" contained in the indictment are the words "restrain" and "confine." By alleging that the defendant has kidnapped a victim, the indictment has necessarily placed the defendant on notice that he is accused of "restraining, confining, or removing" a person. The terms "restrain," "confine" or "remove" are related in that they all encompass an act which asserts control over the victim. These terms are not mutually exclusive. The same act could comprise both restraint and confinement as surely as restraint is a necessary part of removal. *See State v. Fulcher*, 34 N.C. App. 233, 237 S.E.2d 909 (1977), *affirmed*, 294 N.C. 503, 243 S.E.2d 338 (1978). Allowing the jury to consider all three terms which statutorily constitute kidnapping does not necessarily allow conviction upon an "abstract theory not supported by the bill of indictment." *State v. Taylor*, 301 N.C. 164, 170, 270 S.E.2d 409, 413 (1980).

Under N.C. Gen. Stat. § 14-39, if the State proves that the confinement, restraint or removal is for one of four purposes, the actions amount to kidnapping. Allowing a jury to convict on the basis of a purpose not listed in the indictment would constitute such an "abstract theory." *See State v. Moore*, 315 N.C. 738, 340 S.E.2d 401 (1986). Allegations that the actions occurred for the purpose of committing a felony as opposed to holding a victim for ransom are theories which would require different factual defenses. As "restrain," "confine" and "remove" all connote a similar action by the defendant, the danger of conflicting defenses or lack of notice is not present.

Our Supreme Court, in *Tucker*, quoted from its prior decision in *State v. Dammons*, 293 N.C. 263, 237 S.E.2d 834 (1977) noting, "[h]ad the state desired to prosecute on the theory that defendant confined and restrained the victim . . ., it should have so alleged by way of an additional count in the indictment." *Id.* at 273, 237 S.E.2d at 841. The

reasoning in *Dammons* would seem to allow for a separate count of kidnapping for each individual act of restraint, confinement or removal such that three counts of kidnapping could arise from what would formerly be considered a single act. I do not believe this was the intent of the legislature in revising our kidnapping statute in 1975 to replace the common-law definition.