IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-80

 Filed: 19 November 2019

Catawba County, No. 13 CRS 056704

STATE OF NORTH CAROLINA,

 v.

WEIPENG “JIMMY” LU, Defendant.

 Appeal by Defendant from judgments entered 18 September 2018 by Judge

Gregory R. Hayes in Catawba County Superior Court. Heard in the Court of Appeals

5 June 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Matthew
 Kraus, for the State.

 The Epstein Law Firm, PLLC, by Drew Nelson, for defendant-appellant.

 MURPHY, Judge.

 A jury found Defendant, Weipeng “Jimmy” Lu, guilty of felony possession of a

Schedule I controlled substance (Methylone), misdemeanor possession of marijuana,

and misdemeanor possession of drug paraphernalia. Defendant argues that his

probation terms exceed the statutory maximum and that the trial court committed

plain error by giving jury instructions that vary from the indictment. After careful

review, we vacate and remand for resentencing and hold that the trial court did not

commit plain error.
 STATE V. LU

 Opinion of the Court

 BACKGROUND

 At a traffic checkpoint, Sergeant Amanda Efird (“Efird”) screened a vehicle in

which Defendant was a passenger. Efird detected “[t]he overwhelming odor of

marijuana emitting from the vehicle,” and Defendant confirmed the presence of

marijuana. Efird proceeded to search the vehicle with another officer’s assistance.

Defendant told Efird that the marijuana was located “in a bag behind the driver’s

seat,” and Efird located a drawstring bag, which Defendant professed to own along

with its contents.1 Within the drawstring bag, the officer discovered two sealable

plastic bags containing marijuana, a hookah, a “snort straw,” and a beer can. The

beer can had been altered to serve as an unscrewable container, and inside Efird

found “two white crystallized substances”—later identified as Methylone—and a

Lorazepam tablet.

 Defendant was indicted on three offenses, and one indictment specified “an

altered beer can” as the sole basis for a possession of drug paraphernalia charge. At

trial, the judge gave instructions regarding the possession of drug paraphernalia

charge, and, although only the “altered beer can” was named in the paraphernalia

indictment, the instructions did not specify the item(s) deemed to be drug

paraphernalia.

 1Some disagreement emerged at trial as to whether Defendant intended to communicate that
he owned all of the bag’s contents, or only some.

 -2-
 STATE V. LU

 Opinion of the Court

 The jury found Defendant guilty of all charges, including possession of drug

paraphernalia. He received a suspended sentence of 6-17 months for the felony.

Defendant also received two consecutive sentences of 120 days for the two

misdemeanor possession offenses. Each sentence was suspended pending a probation

period of 36 months and a 12-day split active sentence was imposed for the felony. If

activated, the sentences were to run consecutively: the felony sentence first and then

the misdemeanor possession sentences.

 ANALYSIS

 A. Probation Sentencing Error and Clerical Error

 Defendant argues the trial court violated N.C.G.S. § 15A-1343.2(c)(2) when it

placed him on 36 months’ probation for his misdemeanor convictions. We agree.

 We review alleged statutory errors de novo. State v. Wilkerson, 223 N.C. App.

195, 200, 733 S.E.2d 181, 184 (2012). On review, “[w]hen a trial court acts contrary

to a statutory mandate, the error ordinarily is not waived by the defendant’s failure

to object at trial.” State v. Hucks, 323 N.C. 574, 579, 374 S.E.2d 240, 244 (1988)

(emphasis omitted). The statutory mandate, in this case, restricts the probationary

period for misdemeanants sentenced to intermediate punishment, and that time

must be between 12 and 24 months “[u]nless the court makes specific findings that

longer or shorter periods of probation are necessary . . . .” N.C.G.S. § 15A-1343.2(d)(2)

(2017). When a “trial court [does] not make specific findings that a longer period of

 -3-
 STATE V. LU

 Opinion of the Court

probation [is] necessary,” we remand. State v. Wheeler, 202 N.C. App. 61, 71, 688

S.E.2d 51, 57 (2010); see also State v. Love, 156 N.C. App. 309, 576 S.E.2d 709 (2003).

 Here, Defendant argues that the record lacks specific findings to justify a

36-month probation period. The State does not disagree and our review of the record

supports Defendant’s argument. Thus, the probation period set at trial is vacated

and remanded.

 Defendant also argues that the trial court erred by issuing written judgments

containing clerical errors, including misnumbering the prior conviction points and

conviction numbers. The State does not oppose this argument. However, if a

judgment containing a clerical error is vacated, then the clerical error is moot. See

Shaner v. Shaner, 216 N.C. App. 409, 410, 717 S.E.2d 66, 68 n.2 (2011) (noting “this

clerical error has no impact on our minimum contacts analysis and, in light of our

reversal of the order, [defendant]’s argument on this point is moot.”). As we are

remanding to the trial court for resentencing, clerical errors contained in the

judgments can be addressed at that time.

 B. Plain Error

 Defendant argues that the trial court erred when its jury instructions did not

identify the item that served as the basis for Defendant’s drug paraphernalia charge.

Defendant did not object to the possession of drug paraphernalia jury instruction at

 -4-
 STATE V. LU

 Opinion of the Court

trial and we review for plain error. N.C. R. App. P. 10(a)(4); State v. Odom, 307 N.C.

655, 659, 300 S.E.2d 375, 378 (1983). The standard for plain error is well-established:

 For error to constitute plain error, a defendant must
 demonstrate that a fundamental error occurred at trial. To
 show that an error was fundamental, a defendant must
 establish prejudice—that, after examination of the entire
 record, the error had a probable impact on the jury’s
 finding that the defendant was guilty. Moreover, because
 plain error is to be applied cautiously and only in the
 exceptional case, the error will often be one that seriously
 affects the fairness, integrity or public reputation of
 judicial proceedings.

State v. Lawrence, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (internal marks and

citations omitted). We find no plain error in this case.

 We have held that “it is error, generally prejudicial, for the trial judge to permit

a jury to convict upon some abstract theory not supported by the bill of indictment.”

State v. Taylor, 301 N.C. 164, 170, 270 S.E.2d 409, 413 (1980). We have “found that

a trial court’s jury instructions which vary from the allegations of the indictment

might constitute error where the variance is regarding an essential element of the

crime charged.” State v. Lark, 198 N.C. App. 82, 92, 678 S.E.2d 693, 700-01 (2009).

A “trial court’s jury instructions [are] fundamentally erroneous [when] the jury [is]

instructed on a theory based on a different subsection from the subsection under

which the defendant was charged in the indictment.” Id. at 92, 678 S.E.2d at 701

(citing State v. Williams, 318 N.C. 624, 631, 350 S.E.2d 353, 357 (1986)). In State v.

Williams, the trial court committed fundamental error when the indictment charged

 -5-
 STATE V. LU

 Opinion of the Court

the defendant with rape by force under N.C.G.S. § 14-27.2(a)(2), but the trial court

instructed the jury on the elements for rape of a victim under the age of 13, which

falls under N.C.G.S. § 14-27.2(a)(1).2 Williams, 318 N.C. at 628, 350 S.E.2d at 356.

Although two crimes may share similar elements, the trial court cannot give the jury

instructions for a separate crime unspecified in the indictment. See Lark, 198 N.C.

App. at 92, 678 S.E.2d at 700-01.

 Yet, the instructions need not mirror the indictment in at least three respects.

First, a “trial judge is not required to instruct the jury with any greater particularity

upon any element of the offense than is necessary to enable the jury to apply the law

with respect to such element to the evidence bearing thereon.” State v. Spratt, 265

N.C. 524, 527, 144 S.E.2d 569, 572 (1965). Second, nor does the trial judge need “to

state, summarize, or recapitulate the evidence, or to explain the application of the

law to the evidence . . . .” State v. Wallace, 104 N.C. App. 498, 504, 410 S.E.2d 226,

230 (1991). Finally, additional instructions “beyond the essential elements of the

crime sought to be charged are irrelevant and may be treated as surplusage.” State

v. Bollinger, 192 N.C. App. 241, 246, 665 S.E.2d 136, 139 (2008), aff’d per curiam, 363

N.C. 251, 675 S.E.2d 333 (2009). We reasoned that “[t]he gist of the offense is carrying

a concealed weapon” and “the additional language, ‘to wit: a Metallic set of Knuckles’

 2 Effective 1 December 2015, this statute was recodified as § 14-27.21 by S.L. 2015-181, § 3(a).

 -6-
 STATE V. LU

 Opinion of the Court

. . . is mere surplusage and not an essential element of the crime of carrying a

concealed weapon.” Id., 665 S.E.2d at 139-40.

 Our holding in McNair is particularly instructive on surplus language in jury

instructions. In that case, the defendant was charged with possession of burglary

tools and argued that “the indictment on the charge of possession of burglary tools

only identified the pry bar and the bolt cutters as implements of housebreaking in

[d]efendant’s possession,” but “the trial court nevertheless instructed the jury that it

could find [d]efendant guilty if it found that he possessed either the pry bar, the bolt

cutters, or the work gloves.” State v. McNair, 253 N.C. App. 178, 188-189, 799 S.E.2d

631, 640 (2017), review dismissed, cert. denied, 370 N.C. 77, 803 S.E.2d 394 (2017).

We held that “[t]he mere fact that the court mentioned three implements of

housebreaking rather than two [did] not constitute error[]” because “the trial court

properly instructed the jury as to both essential elements of the offense.” Id. at 190-

191, 799 S.E.2d at 641.

 In short, jury instructions must materially align with the indictment just as

the indictment must align with the crime.

 The relevant crime in this case, possession of drug paraphernalia, consists of

three essential elements: (1) “any person to knowingly use, or to possess with intent

to use,” (2) “drug paraphernalia” (3) “to . . . package, store, . . . or conceal a controlled

substance other than marijuana which it would be unlawful to possess . . . .” N.C.G.S.

 -7-
 STATE V. LU

 Opinion of the Court

§ 90-113.22(a) (2017) (emphasis added). Possession of marijuana drug paraphernalia

is now a separate offense. See N.C.G.S. § 90-113.22A (2017) (making it a crime “for

any person to knowingly use, or to possess with intent to use, drug paraphernalia to

. . . package, . . . store, . . . or conceal marijuana . . . .”).3

 Here, the indictment charged Defendant with “Possession of Drug

Paraphernalia”:

 III. POSSESSION OF DRUG PARAPHERNALIA
 The jurors for the State upon their oath present that on or
 about the date of offense shown and in the county named
 above the defendant named above unlawfully and willfully
 did knowingly possess with intent to use drug
 paraphernalia, an altered beer can, for the purpose of
 packaging, storing, or concealing a controlled substance
 which it would be unlawful to possess. This act was in
 violation of the law referenced above.

As in McNair, the superseding indictment charged the Defendant with all essential

elements of the drug paraphernalia offense by asserting that Defendant (1)

“unlawfully and willfully did knowingly possess with intent to use” (2) “drug

paraphernalia” (3) “for the purpose of packaging, storing, or concealing a controlled

substance which it would be unlawful to possess.” Naming a specific item of drug

paraphernalia was “mere surplusage.” See Bollinger, 192 N.C. App. at 246, 665

S.E.2d at 139-40.

 3 N.C.G.S. § 90-113.22A became effective 1 December 2014 after passage of S.L. 2014-199.

 -8-
 STATE V. LU

 Opinion of the Court

 Next, the trial court’s jury instructions for drug paraphernalia possession

stated:

 The defendant has been charged with unlawfully
 and knowingly possess with intent to use drug
 paraphernalia. For you to find the defendant guilty of this
 offense the State must prove three things beyond a
 reasonable doubt.

 First, that the defendant possessed certain drug
 paraphernalia. Drug paraphernalia means all equipment,
 products and materials of any kind that are used to
 facilitate or intended or designed to facilitate violations of
 the Controlled Substances Act.

 Second, that the defendant did this knowingly. A
 person possessed drug paraphernalia knowingly when the
 defendant is aware of its presence and has either by
 himself or together with others both the power and intent
 to control the disposition or use of said paraphernalia.

 And third, that the defendant did so with the intent
 to use said drug paraphernalia in order to package, store
 or conceal a controlled substance which would be unlawful
 to possess.

 Methylone is a controlled substance in North
 Carolina that is unlawful to possess.

 Marijuana is a controlled substance in North
 Carolina that is unlawful to possess.

This instruction gave the jury the essential elements for possession of drug

paraphernalia but added an alternate element for possession of marijuana drug

paraphernalia. Unlike the gloves in McNair that were within the sphere of

housebreaking implements, marijuana paraphernalia is not within the sphere of drug

 -9-
 STATE V. LU

 Opinion of the Court

paraphernalia under N.C.G.S. § 90-113.22. Indeed, possession of marijuana drug

paraphernalia is in violation of N.C.G.S. § 90-113.22A, which is a section entirely

separate from possession of drug paraphernalia. This permitted the jury to convict

under N.C.G.S. § 90-113.22A, which is an alternate theory from the possession of

drug paraphernalia indictment under N.C.G.S. § 90-113.22. Thus, naming marijuana

in the instructions varied from the indictment and was in error.

 Having found error by the trial court, we must now determine whether

 after examination of the entire record, the error had a
 probable impact on the jury’s finding that the defendant
 was guilty. Moreover, because plain error is to be applied
 cautiously and only in the exceptional case, the error will
 often be one that seriously affects the fairness, integrity or
 public reputation of judicial proceedings.

Lawrence, 365 N.C. at 518, 723 S.E.2d at 334 (internal marks and citations omitted).

“It is the rare case in which an improper instruction will justify reversal of a criminal

conviction when no objection has been made in the trial court.” State v. Tirado, 358

N.C. 551, 574, 599 S.E.2d 515, 532 (2004) (quoting Henderson v. Kibbe, 431 U.S. 145,

154, 52 L.Ed.2d 203, 212 (1977)). A defendant bears the “burden of showing that the

trial court’s inclusion of [an alternative theory] in the jury instruction had any

probable impact on the jury’s verdict.” State v. Martinez, 253 N.C. App. 574, 582, 801

S.E.2d 356, 361 (2017).

 Here, Defendant has a sole surviving contention for plain error: “by instructing

the jury on the illegality of Methylone and marijuana, the trial court invited the jury

 - 10 -
 STATE V. LU

 Opinion of the Court

to consider the items associated with marijuana.” The marijuana-related items

include “the drawstring bag, the smaller bags containing the marijuana, and the glass

jar and bag containing the marijuana residue.”

 Upon review of the Record, three facts presented during trial undercut any

perceived probable impact on the jury verdict under plain error review. First, Efird

gave substantially more testimony regarding the “altered beer can” and its contents

than the other containers. Although all bags in question were discussed throughout

the trial, they were never discussed in detail beyond basic features, with the bags

directly containing the marijuana described only as “Ziploc bag[s]” designed to

contain a “half sandwich” each. By contrast, the “altered beer can” was the subject of

focused and specific questions, with descriptions detailing the manner in which it was

discovered as well as its weight and temperature relative to a typical beer can. The

jury was also given a demonstration of how it unscrewed. Second, the marijuana

was entered into evidence still inside the plastic bags, indicating that the bag was

part and parcel of the marijuana possession; the “altered beer can,” meanwhile, was

an independent exhibit. Finally, the drawstring bag was not entered into evidence

at all. As such, the likelihood that the jury understood either the plastic bags or the

drawstring bag to be the “paraphernalia” used to “package, maintain, store, or

conceal” any controlled substance is limited.

 - 11 -
 STATE V. LU

 Opinion of the Court

 Similarly, it is uncontroverted that the “altered beer can,” explicitly named in

the possession of drug paraphernalia indictment, contained the Methylone and no

marijuana. The jury found that Defendant was in possession of Methylone, and it is

probable the jury also concluded that Defendant possessed the “altered beer can” that

stored the Methylone. It is illogical that the jury simultaneously concluded that the

can stored marijuana.

 Furthermore, even if the jury did consider the plastic or drawstring bags

paraphernalia, the fact that it convicted Defendant on the Schedule I charge for a

drug contained exclusively in the “altered beer can” strongly suggests that the jury

also believed that Defendant possessed the can itself—a can designed, unlike the

other items, for the specific purpose of containing and concealing drugs.

 The instruction’s prejudicial impact was not probable. Thus, because

Defendant has failed to show that the trial court’s error did not have a probable

impact on the jury’s finding of guilt, there was no plain error to award a new trial.

 CONCLUSION

 We vacate in part and remand for resentencing, which will also address any

alleged clerical errors. In addition, although we agree that the trial court erred in

adding marijuana to the possession of drug paraphernalia instruction, Defendant

has failed to show this error had a probable impact on the jury’s finding of guilt to

award a new trial.

 - 12 -
 STATE V. LU

 Opinion of the Court

 VACATED IN PART AND REMANDED FOR RESENTENCING; NO PLAIN

ERROR IN PART.

 Judges TYSON and YOUNG concur.

 - 13 -