### STATE v. OTTWAY BURTON.

(Filed 14 December, 1955.)

**1. Indictment and Warrant § 9—**

The indictment must charge the offense with sufficient definiteness to enable defendant to prepare his defense and to be in a position to plead former acquittal or former conviction in the event he is again brought to trial for the same offense, and to enable the court to know what judgment to pronounce in case of conviction.

**2. Automobiles § 80—**

Indictment for parking in a meter zone without depositing the required amount of money in the parking meter, in violation of ordinance, should identify where the vehicle was parked and identify the ordinance by date of its passage or otherwise.

APPEAL by defendant from *McKeithen, S. J.,* 13 June, 1955 Term Superior Court, GUILFORD.

Criminal prosecution originated by affidavit and warrant before the Municipal-County Court, Guilford County, upon a charge of "parking in a meter zone and space without depositing the required amount of money in the parking meter . . . in violation of City Ordinance, Chapter 7, Article 9." The defendant pleaded not guilty and demanded a jury trial. Whereupon the case was transferred to the Superior Court of Guilford County.

The grand jury returned a bill of indictment charging that the defendant "on 29th day of September, A.D. 1954 . . . unlawfully and wilfully did cause, allow, permit and suffer his motor vehicle to be parked upon a public street in the City of Greensboro in a parking zone and space, between the hours of 8 a.m. and 6 p.m., without depositing the required amount of money in the parking meter in violation of the ordinance of the City of Greensboro . . ."

In the Superior Court the defendant, before pleading, requested a bill of particulars. The request was refused. Whereupon a jury trial was had upon his plea of not guilty to the charges in the bill of indictment. The jury returned a verdict of guilty and from a judgment that the defendant pay a fine of One Dollar and costs, he appealed.

*Attorney-General Rodman and Assistant Attorney-General McGalliard for the State.*

*Ottway Burton, the defendant.*

HIGGINS, J.  The sufficiency of the bill of indictment confronts us at the outset in this case. The purpose of a bill is (1) to give the defendant notice of the charge against him to the end that he may prepare his defense and to be in a position to plead former acquittal or former conviction in the event he is again brought to trial for the same offense; (2) to enable the court to know what judgment to pronounce in case of conviction. In this case the bill fails to identify the place where the vehicle was parked other than upon a public street in the City of Greensboro in a parking zone and space. Inasmuch as there are many streets in Greensboro, it is necessary to identify the street in the bill or warrant in order that the defendant or his attorney can go to the Ordinances of the City and ascertain if parking at the time and place charged constitutes a violation of the ordinance. No reference in the bill is made to the number of the ordinance, date of its passage, or otherwise. The number, article or date of passage of the ordinance, or some other identifying reference should be given.

The case of *S. v. Scoggin,* 236 N.C. 1, 72 S.E. 2d 97, is not in conflict with what is said here. In the *Scoggin case* the sufficiency of the warrant to charge a criminal offense was not at issue and, therefore, the full contents of the warrant are not set out in the Court's opinion. However, examination of the original record in that case discloses the warrant charged "that on or about the 25th day of February, 1952, in the City of Raleigh and in Raleigh Township, Wake County, William G. Scoggin, Jr., between the hours of 8 a.m. and 6 p.m. did park and leave standing his motor vehicle in a parking meter placed in a one-hour parking meter zone on Fayetteville Street between Morgan Street and

Cabarrus Street, said space being alongside and next to a parking meter, and did then and there fail and refuse to deposit any coin or money in said parking meter . . . in violation of the Ordinances of the City of Raleigh, being Sections 19, 58, 66, 67 and 68 of Chapter 5 of the 1950 Code of the City of Raleigh, contrary to the statute," etc.

The warrant in the *Scoggin case* serves to emphasize the deficiencies in the indictment in this case. It is insufficient to support the verdict and judgment. The judgment of the Superior Court of Guilford County is

Reversed.