STATE OF NORTH CAROLINA v. ARNOLD GENE HOLBROOK

No. COA99-570

(Filed 2 May 2000)

**Appeal and Error— plain error doctrine—cumulative application**

There was no plain error in a prosecution for first-degree statutory sexual offense where defendant did not object to the admissibility of eight unrelated pieces of evidence but argued that they were cumulatively plain error. The plain error doctrine will not be applied on a cumulative basis where defendant is assigning error to unrelated admissions of evidence to which he did not object and on which the trial court made no affirmative ruling.

Appeal by defendant from judgment entered 16 October 1998 by Judge Steve A. Balog in Forsyth County Superior Court. Heard in the Court of Appeals 24 February 2000.

*Attorney General Michael F. Easley, by Assistant Attorney General Margaret A. Force, for the State.*

*Jeffrey S. Lisson for defendant-appellant.*

HUNTER, Judge.

Arnold Gene Holbrook ("defendant") appeals his conviction of first degree statutory sexual offense with a child under the age of thirteen, defendant's step-daughter, ("victim"). Defendant asserts error as to the admissibility of eight unrelated portions of evidence; however, he did not object to any of this evidence at trial. Defendant argues that cumulatively, the admission of this evidence by the trial court was plain error. We disagree, holding that there is no error.

Briefly, the State's evidence at trial tended to show that defendant, his wife Mary Ann Holbrook, and her daughters, victim and her sister ("sister"), either lived in hotels in Winston-Salem, North Carolina or stayed in their car during part of 1996. At trial, victim and sister both testified that during this time, defendant and their mother molested them on several occasions by fondling their "private parts," and putting their fingers up into their vaginas. Both testified that their mother and defendant used drugs, including heroin and cocaine. Victim testified that defendant also put his "private part" in her "private part." Victim's and sister's testimonies were corroborated by other witnesses including police officers, their father, a psychologist and social workers. Defendant was convicted of first degree statutory sexual offense with victim, and was sentenced to a minimum prison term of 336 months and a maximum of 413 months. Defendant subsequently gave notice of appeal to this Court.

Defendant brings forward eight assignments of error, and admits that the evidence he complains of was not objected to at trial. Therefore, he asks this Court to invoke the plain error doctrine. Plain error is error "so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached." *State v. Bagley*, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), *cert. denied*, 485 U.S. 1036, 99 L. Ed. 2d 912 (1988). Our Supreme Court has stated that:

"[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a '*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done,' or 'where [the error] is grave error which amounts to a denial of a fundamental right of the accused,' or the error has ' "resulted in a miscarriage of justice or in the denial to appellant of a fair trial" ' or where the error is

such as to 'seriously affect the fairness, integrity or public repu-
tation of judicial proceedings' or where it can be fairly said 'the
instructional mistake had a probable impact on the jury's finding
that the defendant was guilty.' "

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting
*United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982) (foot-
notes omitted) (emphasis in original)). "In criminal cases, a question
which was not preserved by objection noted at trial and which is not
deemed preserved by rule or law without any such action, neverthe-
less may be made the basis of an assignment of error where the *judi-
cial action questioned is specifically and distinctly contended to
amount to plain error.*" N.C.R. App. P. 10(c)(4) (emphasis added).
The North Carolina Supreme Court has chosen to review such
"unpreserved issues for plain error when . . . the issue involves either
errors in the trial judge's instructions to the jury or rulings on the
admissibility of evidence." *State v. Cummings*, 346 N.C. 291, 313-14,
488 S.E.2d 550, 563 (1997), *cert. denied*, 522 U.S. 1092, 139 L. Ed. 2d
873 (1998).

Defendant admits that each assignment of error he brings before
this Court, individually, does not rise to the level of plain error; how-
ever, he argues that altogether, their cumulative effect amounts to
plain error, and directs this Court to the holding in *State v. White*, 331
N.C. 604, 616, 419 S.E.2d 557, 564 (1992), *appeal after remand*, 343
N.C. 378, 471 S.E.2d 593, *cert. denied*, 519 U.S. 936, 136 L. Ed. 2d 229
(1996). In *State v. White*, our Supreme Court held that defendant
failed to show that any of the court's rulings, considered individually,
were sufficiently prejudicial to require a new trial, but their cumula-
tive effect may have deprived him of his fundamental right to a fair
trial. *Id.* However, *State v. White* is distinguishable from the present
case because the defendant in that case did not rely on the plain error
rule. In that case, the trial court ruled on the objections by defendant,
which were, in turn, the subject of the defendant's assignments of
error before the appellate court.

In the present case, defendant admits that he made no objection
to, and thus the trial court did not affirmatively rule on, any issue
which he now asks this Court to review. Thus, there was no judicial
action as required for plain error to apply by Rule 10(c)(4) of the
North Carolina Rules of Appellate Procedure. Additionally, the
present case does not involve the cumulative effect of a single, bla-
tant error, such as admission of testimony on one issue, but rather

**STATE v. HOLBROOK**

[137 N.C. App. 766 (2000)]

involves the cumulative effect of numerous pieces of evidence. As we have noted, the essence of the plain error rule is that it be obvious and apparent that the error affected defendant's substantial rights. If we were to adopt defendant's proposition that the plain error rule may apply cumulatively to several unrelated portions of evidence where the trial judge was not asked to, and did not, make any affirmative ruling, we would be departing from the fundamental requirements of the plain error rule of obviousness and apparentness of error. A trial judge would be required to review all evidence cumulatively for errors of admissibility even though defendant had made no objections to any evidence during trial. We agree with the State that under such a holding, a trial judge would be required to be omniscient. A defendant could fail to make any objection to the admission of evidence at trial, but could then require this Court to cumulatively review the evidence for possible errors amounting to plain error. Such rule would be in contradiction of our Rules of Civil Procedure and Rules of Appellate Procedure, and the plain error doctrine as defined by the North Carolina Supreme Court. *See State v. Bagley*, 321 N.C. 201, 362 S.E.2d 244; *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375; *State v. Cummings*, 346 N.C. 291, 488 S.E.2d 550; *State v. White*, 331 N.C. 604, 419 S.E.2d 557.

Based on the foregoing, we refuse to apply the plain error doctrine on a cumulative basis when defendant is assigning error to unrelated admissions of evidence to which he did not object, and the trial court made no affirmative ruling on the admissibility of any of them. Because defendant asserts plain error but concedes that each of his assignments of error do not rise to the standard required by the plain error doctrine, we hold that each error complained of does not meet the standard required by *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375, and hold that the trial court did not commit plain error.

No error.

Judges WYNN and MARTIN concur.