STATE OF NORTH CAROLINA v. WESLEY DAVID BOLLINGER

No. COA07-1062

(Filed 19 August 2008)

**Firearms and Other Weapons— carrying concealed weapon— variance between indictment and instruction—plain error analysis**

The trial court did not commit plain error by entering judgment for the offense of carrying a concealed weapon even though the jury was instructed it could find defendant guilty only upon a

finding that defendant intentionally carried and concealed about his person one or more knives while the indictment alleged only that defendant unlawfully carried a concealed weapon consisting of a metallic set of knuckles because: (1) an indictment is sufficient if it charges the substance of the crime, puts defendant on notice of the crime, and alleges all essential elements of the crime; (2) allegations beyond the essential elements of the crime sought to be charged are irrelevant and may be treated as surplusage; (3) in the instant case, the additional language "to wit: a Metallic set of Knuckles" was merely surplusage and not an essential element of the crime of carrying a concealed weapon; and (4) assuming arguendo the trial court erred by instructing on a theory different from that in the indictment, the evidence introduced at trial without objection consisted of two knives and a set of metallic knuckles found to be concealed upon defendant's person at the time of his arrest, the mention of knives in the jury instruction as opposed to metallic knuckles was inadvertent and did not affect the State's burden of proof or constitute a substantial change or variance from the indictment, and there was no reasonable possibility that a different result would have been reached absent the alleged error.

Judge WYNN concurring in part and dissenting in part.

، Appeal by defendant from judgment entered 21 February 2007 by Judge Christopher M. Collier in Cabarrus County Superior Court. Heard in the Court of Appeals 18 March 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Robert M. Wilkins, for the State.*

*Jarvis John Edgerton, IV for defendant-appellant.*

BRYANT, Judge.

Defendant Wesley David Bollinger appeals from a criminal conviction for carrying a concealed weapon. For the reasons stated herein, we find no prejudicial error.

At approximately 3:30 a.m., on 24 September 2005, Sergeant Mark Davis, Officer Heather Delaney, and Officer Jeffrey Baucom of the Concord Police Department reported to the scene of a two-vehicle accident. Upon arrival, the officers interviewed witnesses in order to fill out the accident report. During his interview, defendant informed Sgt. Davis that he did not have a license.

At that time, Sgt. Davis asked for and received permission from defendant to conduct a pat-down of his person. Upon conducting the pat-down, Sgt. Davis discovered metallic knuckles and knives. Defendant was arrested for carrying a concealed weapon and driving with a revoked license.

Defendant was indicted for carrying a concealed weapon. The indictment stated defendant "unlawfully and willfully did carry a concealed deadly weapon while off his premises, to wit: *a Metallic set of Knuckles*." (Emphasis added).

At trial, Officer Baucom testified that he observed Sgt. Davis pat-down defendant and discover "[a] set of metallic knuckles from [defendant's] left rear pocket, a knife from his belt, another knife from his right front pocket and a fixed-blade sheath knife that was on some type of lanyard around his neck." The State introduced into evidence a knife, metallic knuckles, and a fixed blade sheath knife all taken from defendant's person at the time he was arrested.

After the close of the evidence, the trial court instructed the jury, regarding the charge of carrying a concealed weapon, as follows:

> The defendant has been charged with carrying a concealed weapon. For you to find the defendant guilty of this offense, the State must prove three things beyond a reasonable doubt. First, that the defendant carried *one or more knives*. Second, that the weapon was concealed, that is, hidden from the view of others on or about the defendant's person in such a way that he could quickly use it if prompted to do so by any violent motive. And, third, that the defendant acted willfully and intentionally, that is, that he intended to carry and conceal the weapon.

> So if you find from the evidence beyond a reasonable doubt that on or about the alleged date the defendant willfully and intentionally carried and concealed about his person *one or more knives*, it will be your duty to return a verdict of guilty. If you do not so find or have a reasonable doubt as to one or more of these things, it would be your duty to return a verdict of not guilty.

(Emphasis added).

The jury returned a verdict of guilty, and the trial court entered judgment. Defendant appealed.

---

On appeal, defendant argues only one issue: whether the trial court committed jurisdictional error by entering judgment against

him for carrying a concealed weapon. Although defendant raised six assignments of error in the record, he has not brought them forth in his brief. Therefore, pursuant to Rule 28, we deem them abandoned. N.C.R. App. P. 28(b)(6) (2008).

Defendant argues the trial court committed jurisdictional error by entering judgment for the offense of carrying a concealed weapon, after the jury was instructed it could find defendant guilty only upon a finding that defendant "intentionally carried and concealed about his person *one or more knives*" (emphasis added) while the indictment alleged only that defendant unlawfully carried a concealed weapon "to wit: *a Metallic set of Knuckles.*"

We note defendant failed to object to the indictment and failed to object to the jury instruction. Under North Carolina Rules of Appellate Procedure, Rule 10(b)(2), "[a] party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict . . . ." N.C.R. App. P. 10(b)(2) (2007). However, "[t]he North Carolina Supreme Court has chosen to review such unpreserved issues for plain error when . . . the issue involves either errors in the trial judge's instructions to the jury or rulings on the admissibility of evidence." *State v. Holbrook*, 137 N.C. App. 766, 768, 529 S.E.2d 510, 511 (2000) (citation and internal quotations omitted).

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.

*Id.* at 767-68, 529 S.E.2d at 511 (citation and internal quotations omitted).

Our General Assembly has, under North Carolina General Statute section 15A-641, defined an indictment as "a written accusation by a grand jury, filed with a superior court, charging a person with the

commission of one or more criminal offenses." N.C. Gen. Stat. § 15A-641 (2007). "It is a well-established rule in this jurisdiction that it is error, generally prejudicial, for the trial judge to permit a jury to convict upon some abstract theory not supported by the bill of indictment." *State v. Taylor*, 301 N.C. 164, 170, 270 S.E.2d 409, 413 (1980) (citations omitted). Here, defendant does not argue the indictment was facially invalid or otherwise insufficient to confer subject matter jurisdiction upon the trial court. It is clear the indictment charging carrying a concealed weapon pursuant to N.C. Gen. Stat. § 14-269(a) is valid on its face. Defendant merely alleges the indictment is insufficient to support the conviction. Defendant is in essence arguing there exists a fatal variance between the offense charged in the indictment and the evidence presented (and instructions given) at trial.

We note defendant cites (incorrectly) as an example but does not otherwise argue *McClure v. State*, 267 N.C. 212, 148 S.E.2d 15 (1966), for the proposition that a judgment is void when there is no valid indictment properly charging the offense for which a defendant is convicted. *McClure* is inapposite as the defendant in *McClure* pled guilty to the crime of assault with intent to commit rape, a charge separate and distinct, i.e. consisting of different elements, from the crime for which he was indicted—statutory rape. *Id.*

In his reply brief, defendant cites *State v. Thorpe*, 274 N.C. 457, 164 S.E.2d 171 (1968), as indicating that an indictment is insufficient to support a conviction if it does not conform to material elements in the jury charge required to support the conviction. However, while we accept this as a correct legal premise of *Thorpe*, defendant's reliance is misplaced. The indictment in *Thorpe* charged first degree burglary which requires a specific intent to commit a felony. "[I]t is not enough in an indictment for burglary to charge generally an intent to commit a felony . . . . The particular felony which it is alleged the accused intended to commit must be specified." *Id.* at 463, 164 S.E.2d at 175. In other words, where the felony is required to be and is described in the indictment, it must be proved at trial and supported by the evidence. However, unlike first-degree burglary, specific allegations are not required to support a conviction for carrying a concealed weapon. *See, e.g., State v. Pickens*, 346 N.C. 628, 646, 488 S.E.2d 162, 172 (1997) (where "the gist of the offense" was discharging a firearm into an occupied dwelling, an indictment alleging defendant "did discharge a shotgun, a firearm, into the dwelling" was deemed to contain unnecessary surplusage, where evi-

dence at trial showed the firearm defendant discharged was a hand-gun, not a shotgun).

As we have said before, an indictment is sufficient if it charges the substance of the offense, puts the defendant on notice of the crime, and alleges all essential elements of the crime. *See State v. Teel*, 180 N.C. App. 446, 637 S.E.2d 288 (2006). "Allegations beyond the essential elements of the crime sought to be charged are irrelevant and may be treated as surplusage." *State v. Westbrooks*, 345 N.C. 43, 57, 478 S.E.2d 483, 492 (1996) (citation omitted). In the instant case, the additional language, "to wit: *a Metallic set of Knuckles*"(emphasis added) is mere surplusage and not an essential element of the crime of carrying a concealed weapon. The gist of the offense is carrying a concealed *weapon*. As in *Pickens*, the fact that the indictment alleged metallic knuckles while the evidence introduced at trial showed defendant carried knives in addition to metallic knuckles, the trial court's instructions on carrying a concealed weapon were not erroneous.

However, even if we agree with defendant and assume *arguendo* it was error for the trial court to instruct on a theory different from that in the indictment, a prejudicial error analysis is proper under these circumstances. In *State v. Joyce*, 104 N.C. App. 558, 410 S.E.2d 516 (1991), the State sought to amend an indictment charging robbery with a dangerous weapon by changing the word "knife" to "firearm." This Court dismissed the assignment of error holding the change "[did] not substantially alter the burden of proof or constitute a substantial change which would justify returning the indictment to the grand jury. [Moreover, the] Defendant also cannot demonstrate how he suffered any prejudice due to this amendment." *Id.* at 573, 410 S.E.2d at 525. *See also State v. Hill*, 185 N.C. App. 216, 224, 647 S.E.2d 475, 480 (2007) (Tyson, J., dissenting) ("A change in an indictment does not constitute an amendment where the variance was inadvertent and defendant was neither misled nor surprised as to the nature of the charges.") (citation omitted), *rev'd per curiam*, 362 N.C. 169, 655 S.E.2d 831 (2008).

In *State v. Clinding*, 92 N.C. App. 555, 374 S.E.2d 891 (1989), the trial court instructed the jury on a different theory of kidnapping than was charged in the indictment. This Court noted that while it was error, "[e]ssentially the same evidence was required to prove the State's theory and the theory in the erroneous instruction." *Id.* at 562, 374 S.E.2d at 895. This Court held that where there was no reasonable possibility that a different result would have been reached had the

trial court's error not been committed, the error was harmless beyond a reasonable doubt. *Id.*; *see also State v. Joyner*, 301 N.C. 18, 29-30, 269 S.E.2d 125, 132-33 (1980) (finding that although it was error to submit to jury a charge not alleged in the indictment, i.e. breaking and entering with intent to commit rape or larceny versus the indicted charge of breaking and entering with intent to commit larceny, such error was harmless where evidence showed defendant committed both rape and larceny).

Again, the evidence introduced at trial without objection consisted of two knives and a set of metallic knuckles found to be concealed upon defendant's person at the time of his arrest. We hold the mention of "knives" in the jury instructions as opposed to "metallic knuckles" was inadvertent and did not affect the burden of proof required of the State or constitute a substantial change or variance from the indictment. Moreover, as there is no reasonable possibility that a different result would have been reached had the trial court's error not been committed, the error was harmless beyond a reasonable doubt.

No prejudicial error.

Judge JACKSON concurs.

Judge WYNN concurs in part and dissents in part by separate opinion.

WYNN, Judge, dissenting in part, concurring in part.

Because the trial judge instructed the jury that it could find Defendant guilty if it found he concealed "one or more knives," which was not the basis of the offense that Defendant faced at trial under the indictment of carrying a concealed weapon, "to wit: a Metallic set of Knuckles," I would hold that the trial court committed prejudicial error.

It is well established that the purpose of a bill of indictment is: (1) to give a defendant notice of the charge against him so he may prepare his defense and be in a position to plead prior jeopardy if he is again brought to trial for the same offense; and (2) to enable the court to know what judgment to pronounce in case of conviction. *State v. Burton*, 243 N.C. 277, 278, 90 S.E.2d 390, 391 (1955). Thus, "[i]t is a well-established rule in this jurisdiction that it is error, generally prejudicial, for the trial judge to permit a jury to convict upon some

abstract theory not supported by the bill of indictment." *State v. Taylor*, 301 N.C. 164, 170, 270 S.E.2d 409, 413 (1980) (citations omitted). The bill of indictment in this case charged that Defendant "unlawfully and willfully did carry a concealed weapon while off his premises, to wit: *a Metallic set of Knuckles*." (Emphasis added). However, in the jury charge, the trial court instructed that the jury could find Defendant guilty of carrying a concealed weapon upon a finding that he "carried and concealed about his person *one or more knives*." (Emphasis added). Indeed, the trial judge made no mention of a metallic set of knuckles in the jury charge. While the "knives" theory of the case might have been supported by the evidence, it was not charged in the indictment.

Because the indictment and jury charge allege two distinctively different theories of carrying a concealed weapon, the trial court committed prejudicial error by failing to instruct on the theory charged in the bill of indictment. Therefore, the jury's verdict was based on jury instructions that fatally varied from the theory of the offense charged under the indictment. *See Taylor*, 301 N.C. at 171, 270 S.E.2d 414 ("[The trial court's] failure to instruct on the theory charged in the bill of indictment, in addition to its instructions on theories not charged, constitutes prejudicial error entitling defendant to a new trial on the charge . . . .").