NO. COA14-318

 NORTH CAROLINA COURT OF APPEALS

 Filed: 18 November 2014

STATE OF NORTH CAROLINA

 v. Catawba County
 Nos. 11 CRS 054162, 12 CRS
 004054
KARSTEN EUGENE TURNER,
 Defendant.

 Appeal by defendant from judgment entered 21 August 2013 by

Judge Nathaniel J. Poovey in Catawba County Superior Court.

Heard in the Court of Appeals 26 August 2013.

 Attorney General Roy Cooper, by Assistant Attorney General
 Elizabeth A. Fisher, for the State.

 M. Alexander Charns for defendant-appellant.

 BRYANT, Judge.

 Where defendant’s indictment and judgment were for the same

offense and a deviation in the trial court’s jury instruction as

to that offense was not significant, defendant cannot show plain

error. The trial court did not err in describing a reasonable

doubt as a “fair doubt” in its preliminary jury instruction

where the entirety of the trial court’s jury charge correctly

stated the definition of reasonable doubt to the jury. Where
 -2-
defendant cannot show that his attorney’s failure to object to a

jury instruction would have resulted in a different outcome at

trial, defendant’s ineffective assistance of counsel claim will

be denied.

 On 23 April 2012, defendant Karsten Eugene Turner was

indicted on one count each of possession with intent to sell or

deliver cocaine and resisting a public officer. On the same

date, defendant was separately indicted for being an habitual

felon. The charges came on for trial during the 19 August 2013

session of Catawba County Superior Court, the Honorable

Nathaniel J. Poovey, Judge presiding. The State’s evidence

presented during the trial tended to show the following.

 On 11 July 2011, Investigator Wes Gardin of the Hickory

Police Department conducted surveillance at 442 10th Avenue

Drive in Hickory. The surveillance was set-up based on

information that a gold-colored Honda Accord would arrive that

day at that location for a drug transaction. Shortly after

beginning his surveillance, Investigator Gardin saw a gold-

colored Honda Accord arrive and park at 420 10th Avenue;

Investigator Gardin recognized the driver of the car as

defendant.
 -3-
 Investigator Gardin directed a marked unit, operated by

Officer Killian and Sergeant Kerley, to pull in behind the Honda

and activate its lights to conduct a narcotics investigation.

Upon the marked unit activating its lights, defendant exited the

car, leaving the driver’s side door open, and took off running.

Investigator Gardin and Officer Killian engaged in a foot

pursuit of defendant; despite ordering defendant to halt, the

chase did not end until defendant tripped and fell. As a

passenger was observed in defendant’s Honda, Sergeant Kerley

remained with the car during the pursuit of defendant.

 After capturing defendant, the officers returned to the

Honda and saw through the open driver’s side door a baggie of

crack cocaine in the driver’s seat. Upon searching the Honda,

the officers found a marijuana joint in the center console and a

second baggie of crack cocaine in the glove box. Investigator

Gardin testified that the baggie found on the driver’s seat

contained about 5—6 rocks of cocaine, while the baggie found in

the glove box contained over 200 rocks of cocaine. The officer

also found about $80.00 cash in the driver’s seat of the Honda.

 The passenger in the Honda was identified as Victor

Wilfong. Defendant and Wilfong were arrested and transported to

the Hickory Police Department for processing.
 -4-
 While being held at the Hickory Police Department,

defendant voluntarily made a statement to Investigator Gardin

that “it’s all mine.” Investigator Gardin testified that he

took defendant’s statement “to mean that all the controlled

substances found in that vehicle belonged to [defendant].”

 On 21 August 2013, a jury convicted defendant of possession

with intent to sell or deliver cocaine and resisting a public

officer. The trial court found defendant had a prior record

level of II, and defendant stipulated to being an habitual

felon. After finding that defendant had shown three mitigating

factors, the trial court sentenced defendant to 50 to 69 months

imprisonment. Defendant appeals.

 ________________________

 On appeal, defendant argues that the trial court erred (I)

in holding that it had jurisdiction to enter judgment against

defendant for a charge not alleged in the indictment, and (II)

by instructing the jury that a reasonable doubt was a “fair

doubt.” Defendant further argues (III) that he received

ineffective assistance of counsel.

 I.

 Defendant argues that the trial court erred in holding that

it had jurisdiction to enter judgment against him for a charge
 -5-
not alleged in the indictment. Specifically, defendant contends

the trial court committed a jurisdictional error because it

instructed the jury on the offense of possession of cocaine with

intent to manufacture, sell, or deliver, rather than the offense

for which defendant was indicted, possession of cocaine with

intent to sell or deliver, and that as a result, “[t]he State’s

indictment was fatally defective here as to manufacturing.”

 However, defendant failed to object to the indictment and

failed to object to the jury instruction until after the jury

returned its verdict. Pursuant to North Carolina Rules of

Appellate Procedure, Rule 10, “[a] party may not make any

portion of the jury charge or omission therefrom the basis of an

issue presented on appeal unless the party objects thereto

before the jury retires to consider its verdict . . . .” N.C.

R. App. P. 10(a)(2) (2013). As such, this Court reviews

unpreserved instructional and evidentiary issues for plain

error. State v. Lawrence, 365 N.C. 506, 516, 723 S.E.2d 326,

333 (2012) (citation omitted).

 [T]he plain error rule . . . is always to be
 applied cautiously and only in the
 exceptional case where, after reviewing the
 entire record, it can be said the claimed
 error is a fundamental error, something so
 basic, so prejudicial, so lacking in its
 elements that justice cannot have been
 done, or where [the error] is grave error
 -6-
 which amounts to a denial of a fundamental
 right of the accused, or the error has
 resulted in a miscarriage of justice or in
 the denial to appellant of a fair trial or
 where the error is such as to seriously
 affect the fairness, integrity or public
 reputation of judicial proceedings or where
 it can be fairly said the instructional
 mistake had a probable impact on the jury's
 finding that the defendant was guilty.

Id. at 516—17, 723 S.E.2d at 333 (citations and quotations

omitted).

 Defendant was indicted for one count of possession of

cocaine with intent to sell or deliver. In its jury

instructions, the trial court instructed the jury on the offense

of possession of cocaine with intent to manufacture, sell, or

deliver:

 The defendant has been charged with
 possessing cocaine with the intent to
 manufacture, sell or deliver it. For you to
 find the defendant guilty of this offense
 the State must prove two things beyond a
 reasonable doubt.

 First, that the defendant knowingly
 possessed cocaine. Cocaine is a controlled
 substance. A person possesses cocaine when
 he is aware of its presence and has either
 by himself or together with others both the
 power and intent to control the disposition
 or use of that substance.

 And, second, that the defendant
 intended to manufacture, sell or deliver the
 cocaine. Intent is seldom, if ever, provable
 by direct evidence. It must ordinarily be
 -7-
 proved by circumstances from which it may be
 inferred.

 Defendant did not object to this instruction during either

the jury charge conference or when the trial court gave its

instructions to the jury. In fact, the discrepancy between the

indictment and the jury instructions were discovered only after

the jury returned its verdict finding defendant guilty of

possession of cocaine with intent to manufacture, sell, or

deliver. After considering the arguments of counsel, the trial

court held that the use of the word “manufacture” in the jury

instructions was harmless error, noting that the charge required

the jury to find only two elements, possession and intent, and

that “[t]here wasn’t any particular evidence also regarding what

constitutes manufacture, what constitutes a sale or what

constitutes delivery[]” to affect the jury’s finding as to the

element of intent. The trial court then sentenced defendant in

the mitigated range for the offense for which defendant was

indicted: possession of cocaine with intent to sell or deliver.

 We agree with the trial court that the use of the word

“manufacture” in its jury instructions was harmless error.

“[A]n indictment is insufficient to support a conviction if it

does not conform to material elements in the jury charge

required to support the conviction.” State v. Bollinger, 192
 -8-
N.C. App. 241, 245, 665 S.E.2d 136, 139 (2008) (citation

omitted). Likewise, “an indictment is sufficient if it charges

the substance of the offense, puts the defendant on notice of

the crime, and alleges all essential elements of the crime.”

Id. at 246, 665 S.E.2d at 139 (citation omitted). North

Carolina General Statutes, section 90-95(a)(1), holds that “it

is unlawful for any person . . . [t]o manufacture, sell or

deliver, or possess with intent to manufacture, sell or deliver,

a controlled substance[.]” N.C. Gen. Stat. § 90-95(a)(1)

(2013). It is well-established that there are two essential

elements of this charge: possession and intent. See State v.

Hyatt, 98 N.C. App. 214, 216, 390 S.E.2d 355, 357 (1990)

(citation and quotation omitted).

 Defendant was charged with possession of cocaine with

intent to sell or deliver. N.C.G.S. § 90-95(a)(1) only requires

the jury to find one element of intent: an intent to sell,

deliver or manufacture. N.C.G.S. § 90-95(a)(1) (emphasis

added). The gravamen of the offense of possession with intent

to sell or deliver is possession and intent. As long as

defendant possessed the cocaine with intent — whether to sell,

deliver, or manufacture — he has committed the statutory offense

of possession of cocaine with intent to sell or deliver. See
 -9-
State v. Moore, 327 N.C. 378, 383, 395 S.E.2d 124, 127 (1990)

(citations omitted). Therefore, even assuming arguendo the

trial court erred in instructing the jury as to possession of

cocaine with intent to manufacture, as well as sell or deliver,

this error did not rise to the level of plain error. See

Lawrence, 365 N.C. at 518, 723 S.E.2d at 334 (“For error to

constitute plain error, a defendant must demonstrate that a

fundamental error occurred at trial. To show that an error was

fundamental, a defendant must establish prejudice—that, after

examination of the entire record, the error had a probable

impact on the jury's finding that the defendant was guilty.”

(citations and quotation omitted)). The record shows that the

charge of possession with intent to sell or deliver was

supported by the evidence, as two baggies of crack cocaine rocks

and cash were found in defendant’s car, with the cash and

smaller baggie of crack cocaine being found in the driver’s seat

where defendant had been sitting. As such, defendant cannot

show plain error where he received a mitigated sentence for the

proper, indicted charge of possession of cocaine with intent to

sell or deliver. Accordingly, defendant’s first argument is

overruled.

 II.
 -10-
 Defendant next argues that the trial court erred by

instructing the jury that a reasonable doubt was a “fair doubt.”

We disagree.

 As defendant failed to object to the trial court’s jury

instruction that a reasonable doubt was a “fair doubt,” we

review defendant’s second issue on appeal for plain error. See

Lawrence, 365 N.C. at 516, 723 S.E.2d at 333.

 Defendant contends the trial court erred in instructing the

jury that a reasonable doubt was a “fair doubt.”

 “[A]s a whole, the instructions [must] correctly conve[y]

the concept of reasonable doubt to the jury.” State v. Hooks,

353 N.C. 629, 633, 548 S.E.2d 501, 505 (2001) (citation and

quotation omitted).

 The charge of the court must be read as a
 whole . . . , in the same connected way that
 the judge is supposed to have intended it
 and the jury to have considered it[]. . . .
 It will be construed contextually, and
 isolated portions will not be held
 prejudicial when the charge as [a] whole is
 correct. If the charge presents the law
 fairly and clearly to the jury, the fact
 that some expressions, standing alone, might
 be considered erroneous will afford no
 ground for reversal.

Id. at 634, 548 S.E.2d at 505 (citations and quotations

omitted). “If, when so construed, it is sufficiently clear that

no reasonable cause exists to believe that the jury was misled
 -11-
or misinformed, any exception to it will not be sustained even

though the instruction could have been more aptly worded.”

State v. Maniego, 163 N.C. App. 676, 685, 594 S.E.2d 242, 248

(2004) (citation omitted).

 The jury instruction of which defendant complains was a

preliminary instruction given by the trial court to prospective

jurors prior to the commencement of jury selection, as opposed

to final instructions given after the close of evidence at

trial. The trial court, in its preliminary instruction, stated

the following:

 A reasonable doubt is not a vain nor
 fanciful doubt. For most things that relate
 to human affairs are open to some possible
 or imaginary doubt. A reasonable doubt is a
 fair doubt based upon reason or common sense
 arising out of some or all the evidence that
 has been presented or the lack or
 insufficiency of the evidence as the case
 may be. Proof beyond a reasonable doubt is
 proof that fully satisfies or entirely
 convinces you of the defendant's guilt.

Thereafter, a petit jury was selected to hear the evidence in

the case. After all the evidence was presented, the trial court

instructed the jury as to the definition of reasonable doubt:

 A reasonable doubt is a doubt based on
 reason and common sense arising out of some
 or all of the evidence that has been
 presented or the lack or insufficiency of
 the evidence as the case may be. Proof
 beyond a reasonable doubt is proof that
 -12-
 fully satisfies or entirely convinces you of
 the defendant's guilt.

 Defendant’s argument that the trial court erred in its jury

instruction on reasonable doubt by describing it as a “fair

doubt” lacks merit. It is clear from a review of the trial

court’s two statements of the reasonable doubt instruction that

although the trial court did deviate from the pattern

instruction by using the term “fair doubt” in its preliminary

jury instruction to prospective jurors, the charge as a whole

was correct. See State v. James, 342 N.C. 589, 597—98, 466

S.E.2d 710, 715—16 (1996) (the defendant was not prejudiced

where the trial court gave an appropriate jury instruction at

the close of evidence despite giving an allegedly erroneous

preliminary instruction); State v. Hunt, 339 N.C. 622, 643—44,

457 S.E.2d 276, 288—89 (1994) (holding that the trial court’s

jury instruction, which defined a reasonable doubt as “a fair

doubt,” was not “constitutionally deficient” and did not

impermissibly alter the context of the jury instruction); see

also State v. Flowers,1 No. COA01-1024, 2002 N.C. App. LEXIS

2208, at *4—6 (July 16, 2002) (the trial court did not commit

plain error where it gave an erroneous preliminary jury

1
 We note that although Flowers and McElvine are unpublished
opinions of this Court, both cases are on point with the instant
case.
 -13-
instruction to prospective jurors but gave the proper jury

instruction at the close of evidence at trial); State v.

McElvine, No. COA01-677, 2002 N.C. App. LEXIS 2124, at *12 (May

21, 2002) (finding the defendant could not show plain error

where, “[w]hen taking the entire instruction as a whole and in

context, the trial court properly instructed the prospective

jurors on the presumption of innocence and the burden of proof

on the State. Thus, we find the trial court did not err in its

preliminary instructions to the jury.”). Defendant’s argument

is, therefore, overruled.

 III.

 Defendant also argues that he received ineffective

assistance of counsel. We disagree.

 “In general, claims of ineffective assistance of counsel

should be considered through motions for appropriate relief and

not on direct appeal.” State v. Stroud, 147 N.C. App. 549, 553,

557 S.E.2d 544, 547 (2001) (citations omitted).

 It is well established that ineffective
 assistance of counsel claims brought on
 direct review will be decided on the merits
 when the cold record reveals that no further
 investigation is required, i.e., claims that
 may be developed and argued without such
 ancillary procedures as the appointment of
 investigators or an evidentiary hearing.
 Thus, when this Court reviews ineffective
 assistance of counsel claims on direct
 -14-
 appeal and determines that they have been
 brought prematurely, we dismiss those claims
 without prejudice, allowing defendant[s] to
 bring them pursuant to a subsequent motion
 for appropriate relief in the trial court.

State v. Thompson, 359 N.C. 77, 122—23, 604 S.E.2d 850, 881

(2004) (citations and quotation omitted).

 Criminal defendants are entitled to the
 effective assistance of counsel. When a
 defendant attacks his conviction on the
 basis that counsel was ineffective, he must
 show that his counsel's conduct fell below
 an objective standard of reasonableness. In
 order to meet this burden [the] defendant
 must satisfy a two part test.

 First, the defendant must show that
 counsel's performance was deficient. This
 requires showing that counsel made errors so
 serious that counsel was not functioning as
 the “counsel” guaranteed the defendant by
 the Sixth Amendment. Second, the defendant
 must show that the deficient performance
 prejudiced the defense. This requires
 showing that counsel's errors were so
 serious as to deprive the defendant of a
 fair trial, a trial whose result is
 reliable.

 In considering [ineffective assistance
 of counsel] claims, if a reviewing court can
 determine at the outset that there is no
 reasonable probability that in the absence
 of counsel's alleged errors the result of
 the proceeding would have been different,
 then the court need not determine whether
 counsel's performance was actually
 deficient.
 -15-
State v. Boozer, 210 N.C. App. 371, 382—83, 707 S.E.2d 756, 765

(2011) (citations and quotation omitted), disc. review denied,

365 N.C. 543, 720 S.E.2d 667 (2012).

 Defendant contends he received ineffective assistance of

counsel because his attorney failed to object to the trial

court’s jury instruction on possession of cocaine with intent to

manufacture, sell, or deliver. Because the record reveals no

further investigation is required, we review defendant’s

ineffective assistance of counsel claim.

 Defendant argues that he received ineffective assistance of

counsel because, by not objecting to the trial court’s jury

instruction on possession of cocaine with intent to manufacture,

sell, or deliver, defendant’s attorney caused defendant to be

convicted of an offense for which defendant was not indicted.

We disagree for, as discussed in Issue I, the trial court’s

error did not amount to plain error. Further, defendant did not

challenge his indictment (for possession of cocaine with intent

to sell or deliver), and the trial court sentenced defendant in

the mitigating range for the indicted offense. As such,

defendant’s ineffective assistance of counsel claim lacks merit.

 Moreover, assuming arguendo that defendant’s attorney was

deficient in failing to object to the trial court’s jury
 -16-
instructions, defendant has failed to show how his attorney’s

actions amounted to prejudicial error. “The fact that counsel

made an error, even an unreasonable error, does not warrant

reversal of a conviction unless there is a reasonable

probability that, but for counsel's errors, there would have

been a different result in the proceedings.” State v. Braswell,

312 N.C. 553, 563, 324 S.E.2d 241, 248 (1985) (citation

omitted). Here, where defendant’s car was stopped by officers

acting on a tip and, in addition to a bag with 5—6 rocks of

crack cocaine and cash found on the driver’s seat and

defendant’s voluntary admission that “it’s all mine,” over 200

rocks of crack cocaine were found in a baggie in defendant’s

glove box, there was no reasonable probability that a different

result would have been reached by the jury. “After examining

the record we conclude that there is no reasonable probability

that any of the alleged errors of defendant's counsel affected

the outcome of the trial.” Id. at 563, 324 S.E.2d at 249.

Accordingly, defendant’s argument is overruled, and his claim of

ineffective assistance of counsel denied.

 No error.

 Chief Judge McGEE and Judge STROUD concur.